**REED SMITH LLP**
Diane A. Bettino, Esq.
Greyson K. Van Dyke, Esq.
599 Lexington Avenue
New York, NY 10022
Telephone: 212-521-5400
Facsimile: 212-521-5450
dbettino@reedsmith.com
gvandyke@reedsmith.com
*Attorneys for Defendant Wells Fargo Bank, N.A.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PANAGIOTIS KOUBOULAS,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC A/K/A TRANSUNION,<br><br>    Defendants. | Civil Action No.:<br><br>(Removed from the Supreme Court of the State of New York, Nassau County, Index No. 601539/2025) |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), hereby removes this action from the Supreme Court of the State of New York, Nassau County, to the United States District Court for the Eastern District of New York. In support of this Notice of Removal, Wells Fargo states as follows:

### I. BACKGROUND

1. On January 22, 2025, Plaintiff Panagiotis Kouboulas ("Plaintiff") commenced this action in the Supreme Court of the State of New York, Nassau County, by filing a Complaint,

under Index No. 601539/2025 (the "State Court Action").  A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. In the Complaint, Plaintiff asserts credit reporting related claims against Wells Fargo, including a cause of action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. *See generally,* Exhibit 1.

3. Wells Fargo was served with a copy of the Complaint on January 31, 2025.  A true and correct copy of Affidavit of Service is attached hereto as **Exhibit 2**.

4. This Notice of Removal is therefore timely, having been filed within thirty (30) days of the date on which Wells Fargo was served with Plaintiff's Complaint.  *See* 28 U.S.C. §1446(b)(1).

## II.     REMOVAL TO THIS COURT IS PROPER

5. Removal of this action is proper under 28 U.S.C. § 1441(a), which allows for the removal of any civil action over which the district courts of the United States would have original jurisdiction.

6. Wells Fargo is removing this matter on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

7. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 in that it is a civil action arising under the laws of the United States, specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*.  *See generally,* Exhibit 1.

8. The Supreme Court of the State of New York, Nassau County, is located within the United States District Court for the Eastern District of New York.  Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. Accordingly, had the Complaint been brought in the United States District Court for the Eastern District of New York in the first instance, this Court would have had original jurisdiction over the subject matter under 28 U.S.C. § 1331. As a result, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

### III. REMOVAL TO THIS COURT MEETS THE PROCEDURAL REQUIREMENTS

10. <u>Removal is Timely</u>. Wells Fargo was served with the Summons and Complaint on January 31, 2025 (*see* Exhibit 2), and therefore, this Notice of Removal is timely in that it is filed within thirty (30) days after service upon Wells Fargo of a copy of the initial pleading setting forth the removable claim. See 28 U.S.C. § 1446(b).

11. <u>Notice</u>. Wells Fargo will promptly serve Plaintiff and file with this Court its Notice of Removal to all adverse parties, informing Plaintiff that this matter has been removed to federal court. *See* 28 U.S.C. §§ 1446(a), (d). Wells Fargo will also promptly file with the Clerk of the Supreme Court of the State of New York, Nassau County, and serve on Plaintiff, a Notice of Removal to Federal Court, pursuant to 28 U.S.C. § 1446(d).

12. <u>Pleadings and Process Have Been Provided</u>. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit 3** is a copy of the docket from the State Court Action.

13. Defendant Trans Union LLC ("Trans Union") was served with a copy of the Complaint on January 29, 2025. A true and correct copy of Affidavit of Service is attached hereto as **Exhibit 4**.

14. Defendant Experian Information Solutions, Inc. ("Experian") was served with a copy of the Complaint on February 3, 2025. A true and correct copy of Affidavit of Service is attached hereto as **Exhibit 5**.

15.     Plaintiff filed a Notice of Discontinuance as to Trans Union on February 17, 2025. A true and correct copy of the Notice of Discontinuance is attached hereto as **Exhibit 6**.

16.     Other than the aforementioned and appearances by counsel, no other documents have been filed in this litigation.  *See* Exhibit 3.

17.     Wells Fargo will supplement this Removal with remaining pleadings and orders filed with the state court in the state court action, if any, as soon as they are received.

18.     <u>This is the Only Request for Removal.</u>  Wells Fargo has not made a previous application for the relief requested herein.

19.     <u>Rule of Unanimity</u>.  Wells Fargo conferred with the remainder of the pending co-defendants, Experian and Equifax Information Services LLC ("Equifax"), with respect to the instant removal.  Experian and Equifax have both consented to this removal.

**WHEREFORE**, Defendant Wells Fargo Bank, N.A. gives notice that this action is removed from the Supreme Court of the State of New York, Nassau County, to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

**REED SMITH LLP**

Dated: February 28, 2025

*/s/Greyson K. Van Dyke*
Greyson K. Van Dyke