# EXHIBIT 1

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM

NYSCEF DOC. NO. 1

INDEX NO. 601539/2025

RECEIVED NYSCEF: 01/22/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| Panagiotis Kouboulas, | Index No.: 601539/2025 |
| Plaintiff. | **SUMMONS** |
| -against- | |
| Wells Fargo Bank, N.A.: Equifax Information Services LLC; Experian Information Solutions, Inc.; Trans Union LLC a/k/a TransUnion, | |
| Defendants. | |

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer on the attorneys for the Plaintiff at the address listed below, within twenty (20) days after the service of this Summons (exclusive of the day of service), or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a defendant in this action, may appear within sixty (60) days of service hereof.

**YOU ARE HEREBY NOTIFIED THAT**, should you fail to answer, judgment will be entered against you by default for the relief demanded in the complaint.

**VENUE:** Plaintiff designates Nassau County as the place of trial. The basis of this venue designation is the county in which Plaintiff resides.

**FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM**
NYSCEF DOC. NO. 1

INDEX NO. 601539/2025
RECEIVED NYSCEF: 01/22/2025

Dated: Brooklyn, New York
January 22, 2025

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
Panagiotis Kouboulas

*/s/ Serge F. Petroff* _____
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

To:    **WELLS FARGO BANK, N.A.**
30 Hudson Yards
New York, New York 10001

**EQUIFAX INFORMATION SERVICES LLC**
c/o Corporation Service Company
80 State Street
Albany, New York 12207

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

**TRANS UNION LLC A/K/A TRANSUNION**
c/o The Prentice-Hall Corporation System Inc.
80 State Street
Albany, New York 12207-2543

**FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM**
NYSCEF DOC. NO. 1

INDEX NO. 601539/2025
RECEIVED NYSCEF: 01/22/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| Panagiotis Kouboulas, | Index No.: 601539/2025 |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| Wells Fargo Bank, N.A.; Equifax Information Services LLC; Experian Information Solutions, Inc.; Trans Union LLC a/k/a TransUnion, | |
| Defendants. | |

Plaintiff Panagiotis Kouboulas (the "Plaintiff"), by and through his attorneys, Petroff Amshen LLP, as and for his complaint against the defendants (collectively, the "Defendants"), hereby alleges the following upon personal knowledge, review of public record, and/or otherwise upon information and belief:

1.      Plaintiff brings this action for damages arising under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, *et seq.*) and its implementing Regulation V (12 C.F.R. Part 1022), and New York General Business Law ("GBL") codifying New York's Fair Credit Reporting Act (the "NYFCRA") (GBL § 374, *et seq.*), resulting from Defendants' willful and ongoing violations of consumer credit protection laws, including failure to investigate and correct inaccurate credit reporting duly disputed by Plaintiff.

2.      Finding that "[t]he banking system is dependent upon fair and accurate credit reporting," and "[i]naccurate credit reports directly impair the efficiency of the banking system," Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit [...] in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper

**FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM**
NYSCEF DOC. NO. 1

INDEX NO. 601539/2025
RECEIVED NYSCEF: 01/22/2025

utilization of such information [...]" 15 U.S.C. § 1681.

3.    Thus, because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," Congress determined that the protections of the FCRA were necessary "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *See id.*

4.    Relying on these protections, Plaintiff notified the Defendants of specific errors in his credit report including inaccurate and duplicative negative reporting, and omission of payment history data that would beneficially impact his credit score.

5.    Despite Defendants' "grave responsibilities" to ensure the accuracy and proper utilization of Plaintiff's credit information, Defendants failed to properly investigate or correct these errors, causing Plaintiff to suffer additional and ongoing credit damage, adverse action, and other damages.

## PARTIES AND VENUE

6.    Plaintiff is an individual and resident of the State of New York, County of Nassau, residing at 31 Ash Street, Floral Park, New York 11001.

7.    Defendant Wells Fargo, N.A. ("Wells Fargo") is a national banking association organized and existing under the laws of the United States of America, with its principal place of business at 101 North Philips Avenue, Sioux Falls, South Dakota 57104, and New York headquarters at 30 Hudson Yards, New York, New York 10001.

8.    Defendant Equifax Information Services LLC ("Equifax") is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a Wholly Owned subsidiary of

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM

NYSCEF DOC. NO. 1

INDEX NO. 601539/2025

RECEIVED NYSCEF: 01/22/2025

Equifax Inc. Equifax is one of the three national CRAs recognized by the Federal Trade Commission ("FTC").

9.      Defendant Experian Information Solutions, Inc ("Experian") is a corporation organized under the laws of the State of Ohio, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a wholly owned subsidiary of Experian Holdings Inc. Experian is one of the three national credit report agencies ("CRA") recognized by the FTC.

10.     Defendant Trans Union LLC a/k/a Transunion is a limited liability company organized under the laws of the state of Delaware, with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661. The company is also known as "TransUnion" and shall be referred to as such herein. TransUnion is one of the three national CRAs recognized by the FTC.[1]

11.     Venue in this county is proper to pursuant to CPLR § 503(a). as a substantial part of the events giving rise to Plaintiff's claims occurred in this county, and Plaintiff resides in this county.

### STATEMENT OF FACTS

12.     Plaintiff is an individual consumer who discovered inaccuracies related to the account associated with Wells Fargo in his credit reports ("Wells Fargo Account").

(a) Wells Fargo

- Account Number: 577442194392****
- Opened: November 4, 2021
- Date of Payment: November 18, 2024
- Settlement Payment: $492.00

---

[1] Equifax, Experian, and TransUnion shall be referred to collectively herein as the "Defendant CRAs".

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM

NYSCEF DOC. NO. 1

INDEX NO. 601539/2025

RECEIVED NYSCEF: 01/22/2025

13.    The Wells Fargo Account was settled on November 18, 2024. The balance should reflect $0, with the account status marked as paid and closed.

14.    In November 2024, Plaintiff sent a Notice of Dispute to the Defendant CRAs disputing the Wells Fargo Account, in which he also included proof that the debt was paid and satisfied. *See* **Exhibit A**.

15.    Despite the formal disputes, the Defendant CRAs did not resolve the inaccurate reporting or removed the incorrect entry. To date, Plaintiff's credit report still reflects the erroneous report and does not show the settlement payment or the Wells Fargo Account as closed.

16.    The inaccurate reporting has negatively impacted Plaintiff's credit score, affecting his ability to obtain favorable financial products such as loans and credit.

17.    Plaintiff has endured significant difficulty in attempting to secure new financial products to improve his quality of life, but these efforts have failed by the adverse effects on his credit score. The ongoing inaccuracies in Plaintiff's credit report have caused considerable emotional distress, frustration, anxiety and stress from the financial strain caused by the inaccuracies, compounding his existing financial challenges.

## VIOLATIONS OF THE FCRA
### (15 U.S.C. § 1681, *et seq.*)

18.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

19.    Plaintiff is a "consumer" as defined by the FCRA. *See* 15 U.S.C. § 1681a(c).

20.    Wells Fargo is a "furnisher" of information to consumer reporting agencies, with a duty to fulfill the statutory responsibilities enumerated under 15 U.S.C. § 1681s-2, including providing accurate information relating to consumers.

21.    Wells Fargo is also a "person" as defined by the FCRA. *See* 15 U.S.C. § 1681a(b).

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM
NYSCEF DOC. NO. 1

INDEX NO. 601539/2025
RECEIVED NYSCEF: 01/22/2025

22.    Subpart of E of Regulation V, the FCRA's implementing regulation, applies to furnishers of information including Wells Fargo. *See* 12 C.F.R. §§ 1022.1, 1022.40.

23.    Defendant CRAs are each a "consumer reporting agency" as defined by the FCRA. *See* 15 U.S.C § 1681a(f).

24.    Defendant CRAs each qualify as a "consumer reporting agency that complies and maintains files on consumers on a nationwide basis." *See* 15 U.S.C §1681a(p).

### COUNT I
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681n)**
*AS TO WELLS FARGO*

25.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

26.    The FCRA prohibits furnishers from reporting information to a CRA "with actual knowledge of errors" and "after notice and confirmation of errors" *See* 15 U.S.C. § 1681s-2(a)(1).

27.    Specifically, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(A). "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

28.    Additionally, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if – (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(B).

29.    Upon receipt of notice of a dispute regarding the completeness or accuracy of

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM

NYSCEF DOC. NO. 1

INDEX NO. 601539/2025

RECEIVED NYSCEF: 01/22/2025

information provided to a CRA under 15 U.S.C. § 1681i(a)(2), a furnisher of the disputed information must conduct a timely investigation and correct and discontinue any inaccurate reporting. *See* 15 U.S.C. § 1681s-2(b).

30.     Regulation V provides that "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency," and "review its policies and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness." *See* 12 C.F.R. § 1022.42.

31.     Regulation V defines "accuracy" as:

[I]nformation that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer [that] correctly: (1) [r]eflects the terms of and liability for the account or other relationship; (2) [r]eflects the consumer's performance and other conduct with respect to the account or other relationship; and (3) [i]dentifies the appropriate consumer.

32.     Wells Fargo reported inaccurate account information regarding Plaintiff's Wells Fargo Account to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports issued by the Defendant CRAs.

33.     The inaccurate information includes the omission of relevant data, such as the settlement payment, and despite the account being closed, it still reflects outstanding debt or balances.

34.     Upon information and belief, Wells Fargo received a notice of Plaintiff's Notice of Dispute regarding the accuracy of his account information as reported to the Defendant CRAs.

35.     Wells Fargo failed to review the information provided by Plaintiff for any additional information.

36.     Wells Fargo's deliberate and ongoing furnishing of incomplete inaccurate, and

**FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM**   INDEX NO. 601539/2025
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 01/22/2025

contradictory information regarding Plaintiff's Wells Fargo Account has caused Plaintiff to suffer damages, including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

37.     As a result of Wells Fargo's willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C. § 1681n.

**COUNT II**
**Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681o)**
*As To Wells Fargo*

38.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

39.     After receiving notice of Plaintiff's dispute regarding the accuracy of his account information as reported by the Defendant CRAs, Wells Fargo thereafter negligently failed and refused to conduct any required investigation or to correct the disputed information and have continued inaccurately furnishing information to the Defendant CRAs regarding Plaintiff's Wells Fargo Account, in violation of 15 U.S.C. § 1681s-2.

40.     Wells Fargo "regularly in the ordinary course of business furnishes information to one or more consumer reporting agencies about [its] transactions or experiences with any consumer." *See* 15 U.S.C. § 1681s-2(a)(2).

41.     Wells Fargo furnished inaccurate information regarding Plaintiff's Wells Fargo Account to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports. Wells Fargo knows or should have known, had they conducted the required investigation, that the information they furnished to the Defendant CRAs was inaccurate.

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM
NYSCEF DOC. NO. 1

INDEX NO. 601539/2025
RECEIVED NYSCEF: 01/22/2025

42.    As a compiler and furnisher of consumer information concerning Plaintiff's Wells Fargo Account, Wells Fargo had a duty to ensure the accuracy of any such information furnished to the Defendant CRAs, and prevent the furnishing of inaccurate information, knowing that it had purchased the debt from another creditor. *See* 15 U.S.C. § 1681s-2(a)(6).

43.    Upon information and belief, Wells Fargo have further negligently persisted in reporting inaccurate information to the Defendant CRAs without providing notice that Plaintiff has disputed such information, in violation of 15 U.S.C. § 1681s-2(3).

44.    Accordingly, the Defendant CRAs have continued producing credit reports for Plaintiff containing inaccurate and damaging credit information.

45.    Wells Fargo negligent and ongoing furnishing of improper, inaccurate information regarding Plaintiff's Wells Fargo Account has caused Plaintiff to suffer damage including loss and reduction of credit, damage to his credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

46.    As a result, of Wells Fargo negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (ii) statutory damages; and (iii) recovery of attorneys and costs incurred.

### COUNT III
**Willful Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681n)**
*AS TO THE DEFENDANT CRAS*

47.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM
NYSCEF DOC. NO. 1

INDEX NO. 601539/2025
RECEIVED NYSCEF: 01/22/2025

48.     "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

49.     The Defendant CRAs received Plaintiff's Notice of Dispute demonstrating that Plaintiff's credit report contained inaccurate information.

50.     Despite receipt of the foregoing, the Defendant CRAs deliberately failed and refused to undertake a reasonable investigation to ensure the accuracy of reported information concerning Plaintiff's Wells Fargo Account.

51.     Although the information Plaintiff provided was sufficient to verify that the disputed information in Plaintiff's credit report was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff or Wells Fargo for any additional information that would assist in a reasonable investigation.

52.     Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

53.     The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their reports was malicious, intentional, reckless, and willful.

54.     As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C § 1681n.

**FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM**    INDEX NO. 601539/2025
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/22/2025

## COUNT IV
### Negligent Failure to Assure Accuracy of Consumer Information in Credit Report
### (15 U.S.C. §§ 1681e(b), 1681o)
### *AS TO THE DEFENDANT CRAS*

55.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

56.    Despite receipt of evidence that Plaintiff's credit report contained inaccurate information, the Defendant CRAs failed to establish and follow reasonable procedures to promptly investigate and ensure the accuracy of reported information concerning Plaintiff's Wells Fargo Account.

57.    Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

58.    As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C. § 1681o.

## COUNT V
### Willful Failure to Assure Accuracy of Consumer Information in Credit File
### (15 U.S.C. §§ 1681i, 1681n)
### *AS TO THE DEFENDANT CRAS*

59.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

60.    "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency [...] of such dispute, the agency shall, free of charge, conduct a reasonable

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM
NYSCEF DOC. NO. 1

INDEX NO. 601539/2025
RECEIVED NYSCEF: 01/22/2025

reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file [...]" 15 U.S.C. § 1681i(a)(1)(A).

61.    This investigation must be completed within thirty (30) days of the Defendant CRAs' receipt of the Notice of Dispute. *See id.*

62.    The Defendant CRAs must also provide notice of dispute to any furnisher of the disputed information, within five (5) business days of receipt.

63.    "In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in the paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

64.    Within five (5) business days of completing a reinvestigation, the Defendant CRAs must provide the consumer with written notice of the results and additional statutory notices.

65.    Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs deliberately failed and refused to undertake the required reinvestigation of Plaintiff's credit file, or to ensure the accuracy of reported information concerning Plaintiff's Wells Fargo Account.

66.    Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit file was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff for any additional information that would assist in a reasonable investigation.

67.    Upon information and belief, the Defendant CRAs also failed to provide Plaintiff with written notice of the results of the investigation, or any of the additional required statutory notices, in violation of 15 U.S.C. § 1681i.

68.    The Defendant CRAs further failed to correct inaccurate and damaging credit

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM
NYSCEF DOC. NO. 1

INDEX NO. 601539/2025
RECEIVED NYSCEF: 01/22/2025

information contained in Plaintiff's credit file, causing Plaintiff to suffer damage including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit recovery, and other actual damages.

69.     The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their credit files was malicious, intentional, reckless, and willful.

70.     As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C § 1681n.

## COUNT VI
### Negligent Failure to Assure Accuracy of Consumer Information in Credit File
### (15 U.S.C. §§ 1681i, 1681o)
### *AS TO THE DEFENDANT CRAS*

71.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

72.     Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs had a duty to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning Plaintiff's Wells Fargo Account.

73.     The Defendant CRAs failed to provide notice of Plaintiff's disputes to the furnishers of the disputed information, as required under 15 U.S.C § 1681i(a)(2).

74.     The Defendant CRAs failed to investigate Plaintiff's dispute or to properly consider the information Plaintiff submitted in connection with the dispute, and further failed and refused to contact Plaintiff, or Wells Fargo for any additional information that would assist in a reasonable investigation.

75.     The Defendant CRAs failed to correct inaccurate and damaging credit information

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM          INDEX NO. 601539/2025
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 01/22/2025

contained in Plaintiff's credit file, or to provide Plaintiff with written notice of the results and additional required statutory notices, in violation of 15 U.S.C. § 1681i.

76.     This caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

77.     As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred, pursuant to 15 U.S.C. § 1681o.

## VIOLATIONS OF N.Y. GENERAL BUSINESS LAW

78.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

79.     Section 374 through 382-b of Article 25 of the New York General Business Law codify New York's Fair Credit Reporting Act.

80.     Plaintiff is a "consumer" within the meaning of the NYFCRA. *See* GBL § 380-a(b).

81.     Wells Fargo is a "person" within the meaning of the NYFCRA. *See* GBL § 380-a(a).

82.     Defendant CRAs are each a "consumer reporting agency" within the meaning of the NYFCRA. *See* GBL § 380-a(e).

### COUNT VII
### Willful Reporting of Inaccurate Information to Consumer Reporting Agencies
### (N.Y. Gen. Bus. Law § 380-o)
### *AS TO WELLS FARGO*

83.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM

NYSCEF DOC. NO. 1

INDEX NO. 601539/2025

RECEIVED NYSCEF: 01/22/2025

84.    The NYFCRA prohibits the knowing and willful introduction or attempt to introduce false information into a consumer reporting agency's file. *See* GBL § 380-o(2). Persons who violate Section 380-o are subject to fines of up to $5,000.00, imprisonment, or both. *See id.*

85.    As a result of Wells Fargo's knowing and willful introduction of false information regarding Plaintiff's Wells Fargo Account into the files of the consumer credit bureaus, Plaintiff has suffered damages including loss and reduction of credit, damage to his credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

86.    As a result of Wells Fargo's foregoing conduct in violation of the NYFCRA, Plaintiff has been damaged and is entitled to damages pursuant to GBL § 380-l, including: (i) statutory damages in an amount up to $5,000.00, to be determined by the Court; (ii) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (iii) punitive damages; and (iv) attorneys' fees and costs incurred.

## COUNT VIII
### Failure to Investigate and Resolve Consumer Dispute
### (N.Y. Gen. Bus. Law §§ 380-f, 380-m)
### *AS TO THE DEFENDANT CRAS*

87.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

88.    Pursuant to GBL § 380-f(a):

*If a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information, unless it has reasonable grounds to believe that the dispute by the consumer is frivolous, and it shall promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to this section.*

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM
NYSCEF DOC. NO. 1

INDEX NO. 601539/2025
RECEIVED NYSCEF: 01/22/2025

89.     If, after conducting the re-investigation, the Defendant CRAs can no longer verify an item, or confirms an error, the Defendant CRAs must, among other things, (i) "promptly expunge the item and otherwise correct the file"; (ii) "refrain from reporting the item in subsequent consumer reports" and (iii) "clearly and conspicuously disclose to the consumer his rights to make a request for notification." *See* GBL § 380-f(b).

90.     Further "if any item disputed and reinvestigated is found to be in error or can no longer verified, upon completion of the reinvestigation of all items disputed, the Defendant CRAs shall promptly mail the consumer a corrected written copy of the file, reflecting any changes, with an explanation of any code used, at no charge to the consumer." GBL § 380-f(d).

91.     Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs were obligated to investigate Plaintiff's claims, notify Plaintiff of the result of the investigation, and fulfill any additional requirements of GBL § 380-f.

92.     The Defendant CRAs failed to undertake any investigation of Plaintiff's dispute, or to review any information provided in connection with the dispute and likewise failed to revise or correct the inaccurate information in Plaintiff's credit file.

93.     Upon information and belief, the Defendant CRAs further failed to notify Plaintiff of the results of their investigation, considering no such investigation ever took place.

94.     As a result, Plaintiff has suffered damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and other actual damages.

95.     Accordingly, Plaintiff is entitled to recover actual damages, together with reasonable attorneys' fees and costs pursuant to GBL § 380-m.

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM

NYSCEF DOC. NO. 1

INDEX NO. 601539/2025

RECEIVED NYSCEF: 01/22/2025

96.    Defendant CRAs are further liable to Plaintiff pursuant to GBL § 380-l, for actual damages, punitive damages, and attorneys' fees and costs incurred.

**WHEREFORE**, Plaintiff respectfully demands judgement awarding all actual, statutory, and/or punitive damages and other relief available pursuant to applicable law

Dated: Brooklyn, New York
         January 22, 2025

                              **PETROFF AMSHEN LLP**
                              *Attorneys for Plaintiff,*
                              Panagiotis Kouboulas

                              */s/ Serge F. Petroff*
                              Serge F. Petroff, Esq.
                              1795 Coney Island Avenue, Third Floor
                              Brooklyn, New York 11230
                              Telephone: (718) 336-4200
                              Email: spetroff@petroffamshen.com

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM

NYSCEF DOC. NO. 2

INDEX NO. 601539/2025

RECEIVED NYSCEF: 01/22/2025

# EXHIBIT A

**FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM**
NYSCEF DOC. NO. 2

INDEX NO. 601539/2025
RECEIVED NYSCEF: 01/22/2025

**Certified Mail Tracking Information**

**Name: Panagiotis Kouboulas**
**Date sent: 11/20/24**

**EQ**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765483447828

**EX:** https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765483447750

**TU**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765483447743

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM
NYSCEF DOC. NO. 2

INDEX NO. 601539/2025

RECEIVED NYSCEF: 01/22/2025

## DISPUTE LETTER

**Panagiotis Kouboulas**
31 Ash St
Floral Park, New York 11001
Date of Birth: 11/21/█████
SS#: 9069

Equifax Information Services LLC
P.O. Box 740256
Atlanta, GA 30374 - 0256

11/20/2024

Letter to Dispute inaccurate Items on my credit Report

The following accounts are presenting inaccurate information on my credit report and I would like to place them in dispute for the following reasons:

1. Charge-off account has inaccurate information
   WFBNA CARD
   Account Number: 577442194392****
   I believe the balance on this charge-off account is reporting inaccurately because I settled this debt on November 18, 2024, and no longer owe a balance. The balance should be marked as zero, and the account status should be labeled as paid and closed. I have included a screenshot of my settlement payment as proof that the debt has been paid and satisfied as of November 2024. Please investigate this issue and either remove this account from my credit report or update the account to reflect a paid and closed status with a zero balance immediately.

Please investigate the presented issues and make the necessary changes to my credit report, to reflect each account accurately. Enclosed are my identification documents, including my driver's license, SSN card, and a bill showing my address.

Thank you for your time and help in this matter.

Sincerely,

Panagiotis Kouboulas

**FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM**   INDEX NO. 601539/2025

NYSCEF DOC. NO. 2                                          RECEIVED NYSCEF: 01/22/2025

## DISPUTE LETTER

**Panagiotis Kouboulas**
31 Ash St
Floral Park, New York 11001
Date of Birth: 11/21/█████
SS#: 9069

Experian
P.O. Box 4500
Allen, TX 75013

11/20/2024

Letter to Dispute inaccurate Items on my credit Report

The following accounts are presenting inaccurate information on my credit report and I would like to place them in dispute for the following reasons:

1. Charge-off account has inaccurate information
   WFBNA CARD
   Account Number: 577442194392****
   I believe the balance on this charge-off account is reporting inaccurately because I settled this debt on November 18, 2024, and no longer owe a balance. The balance should be marked as zero, and the account status should be labeled as paid and closed. I have included a screenshot of my settlement payment as proof that the debt has been paid and satisfied as of November 2024. Please investigate this issue and either remove this account from my credit report or update the account to reflect a paid and closed status with a zero balance immediately.

Please investigate the presented issues and make the necessary changes to my credit report, to reflect each account accurately. Enclosed are my identification documents, including my driver's license, SSN card, and a bill showing my address.

Thank you for your time and help in this matter.

Sincerely,

Panagiotis Kouboulas

**FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM**
NYSCEF DOC. NO. 2

INDEX NO. 601539/2025

RECEIVED NYSCEF: 01/22/2025

## DISPUTE LETTER

**Panagiotis Kouboulas**
31 Ash St
Floral Park, New York 11001
Date of Birth: 11/21/████
SS#: 9069

TransUnion LLC Consumer Dispute Center
PO Box 2000
Chester, PA 19016

11/20/2024

Letter to Dispute inaccurate Items on my credit Report

The following accounts are presenting inaccurate information on my credit report and I would like to place them in dispute for the following reasons:

1. Charge-off account has inaccurate information
   WFBNA CARD
   Account Number: 577442194392****
   I believe the balance on this charge-off account is reporting inaccurately because I settled this debt on November 18, 2024, and no longer owe a balance. The balance should be marked as zero, and the account status should be labeled as paid and closed. I have included a screenshot of my settlement payment as proof that the debt has been paid and satisfied as of November 2024. Please investigate this issue and either remove this account from my credit report or update the account to reflect a paid and closed status with a zero balance immediately.

Please investigate the presented issues and make the necessary changes to my credit report, to reflect each account accurately. Enclosed are my identification documents, including my driver's license, SSN card, and a bill showing my address.

Thank you for your time and help in this matter.

Sincerely,

Panagiotis Kouboulas

FILED: NASSAU COUNTY CLERK 01/22/2025 11:01 AM
NYSCEF DOC. NO. 2

INDEX NO. 601539/2025
RECEIVED NYSCEF: 01/22/2025

# $492<sup>03</sup>

Posted on Monday, November 18, 2024

**WELLS FARGO BANK**
Transfer



Appears on your statement as:
Withdrawal from WELLS FARGO BANK RESERVE

Memo
RESERVE